# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
_____

BYRON C. MOORE,

      **Plaintiff,**

      -vs-                                                    Case No.    04-C-655

DR. ELSA HORN, DAYLEY,
DR. LARSON, DR. KAPLAN,
NANCY BOWENS, DR. SWEET,
ALLEN, JUDY SMITH, and
MATTHEW FRANKS,

      **Defendants.**
_____

# DECISION AND ORDER
_____

      Plaintiff Byron C. Moore, who is incarcerated at the Oshkosh Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis*. There are numerous motions pending all of which will be addressed herein. A scheduling order will also be imposed in this order.

## AMENDED COMPLAINT

      On December 15, 2004, the plaintiff filed "Motion Requesting Leave to Proceed on Amendment of his 42 U.S.C. § 1983 Complaint" (Docket No. 43), along with a proposed amended complaint. On October 29, 2004, the Court granted the plaintiff's motion to amend the complaint and on November 23, 2004, he was granted an additional 30 days to file an amended

complaint. The proposed amended complaint is timely filed and it incorporates all of the plaintiff's claims. Therefore, the plaintiff's motion will be granted. The proposed amended complaint (Docket No. 45) is now the operative complaint in this action.

## DISCOVERY MOTIONS

### 1. Motions to Compel Discovery

On December 9, 2004, the plaintiff filed "Motion for Discovery - Production of Documents: Rule #34" (Docket No. 37), "Motion for Discovery - 1st Set of Interrogatories: Rule 33" (Docket No. 38), and "Motion for Requesting (10) Additional Interrogatories: For Discovery" (Docket No. 39). On December 30, 2004, the plaintiff filed a "Motion to Compel" (Docket No. 50). On January 14, 2005, the plaintiff filed "Motion for Additional Medical Records/Files" (Docket No. 55). On March 18, 2005, the plaintiff filed "Motion for Discovery - Requesting Ten (10) Extra Admission Statements" (Docket No. 73). The Court construes these as motions to compel discovery.

Although Federal Rule of Civil Procedure 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement

2

that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." *Id.*

The motions before the court appear to be the plaintiff's initial requests for discovery. As he has not indicated that he made any such prior demand of the defendants or engaged in the required personal consultation, court action would be premature. Therefore, the above-referenced motions (Docket Nos. 37-39, 50, 55, and 73) will be denied.

On March 18, 2005, the plaintiff filed a motion to compel defendants to respond to the plaintiff's request for production of documents in full (Docket No. 70). The defendants "object to plaintiff's motion to compel on the grounds that records inadvertently not produced were produced to the plaintiff on April 8, 2005." (Defs' Resp. to Pl.'s Mot. to Compel at 1.) Since it appears that the defendants have produced the requested discovery, the plaintiff's motion to compel will be denied.

**2. Motions for Extensions of Time**

On December 22, 2004, the defendants filed a motion to extend time to respond to the plaintiff's discovery requests which are presently due January 5, 2005 (Docket No. 47). The defendants move for an extension to February 5, 2005, on the grounds that because of the holiday vacation schedules of the defendants and counsel, additional time is needed to complete their responses to discovery. On January 21, 2005, the defendants filed a motion to extend time to respond to discovery requests "which are presently due January 27, 2005 and February 5, 2005"

3

(Docket No. 58). The defendants move for an extension to March 11, 2005, on the grounds that because counsel for the defendants will be out of town from January 24, 2005 through February 14, 2005, additional time is needed to complete their responses to the plaintiff's requests for interrogatories, production of documents, and admissions. On March 11, 2005, the defendants filed a motion to enlarge time (Docket No. 65). The defendants move for additional time to respond to the plaintiff's interrogatories and request for admissions on the grounds that because of the schedules of defendants Larson, Horn, and Kaplan, additional time is necessary to complete their responses. The defendants note that they did respond to the plaintiff's request for production of documents. On March 15, 2005, the plaintiff filed a motion to deny the defendants' motion to enlarge time (Docket No. 68).

The deadlines referenced above have all passed. Moreover, this order contains a scheduling order setting the deadlines for the completion of discovery and for the filing of dispositive motions. The deadline for the completion of discovery will be July 22, 2005. *See infra.* at 9-10. Based on the foregoing, the defendants three motions for extensions of time will be denied as moot. The plaintiff's motion to deny the defendants' motion to enlarge time will also be denied as moot.

## PLAINTIFF'S MOTION FOR RECONSIDERATION

On January 14, 2005, the plaintiff filed a motion for reconsideration of the Court's October 29, 2004 order denying his motion to appoint counsel (Docket No. 52). A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to

4

correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

The Court denied the plaintiff's motion to appoint counsel, finding that the presence of counsel would not make a difference in the outcome of the case. The Court reasoned that the issues in this case appear to be straightforward and uncomplicated and that the plaintiff's filings indicate that he is capable of litigating this case himself. The plaintiff asserts that this is a complicated medical care action and that appointment of counsel will make a difference in the outcome of the case.

The quality of the plaintiff's filings is very high. Moreover, at this stage of the proceedings, the issues are straightforward and uncomplicated. Accordingly, the Court still believes that at this time the presence of counsel will not make a difference in the outcome of the case. The plaintiff has not presented newly discovered evidence nor has he shown that the

5

Court's October 29, 2004, order contained a manifest error of law. Therefore, his motion for reconsideration will be denied.

## PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

On March 1, 2005, the plaintiff filed a motion to compel the defendants to provide medical treatment for his significant liver damage and alternative treatment for his chronic hepatitis C disease (Docket No. 64). The Court construes this as a motion for a preliminary injunction.

In deciding whether to grant a motion for a preliminary injunction, the court should consider (1) whether the moving party has an adequate remedy at law; (2) whether he will suffer irreparable harm if the preliminary injunction is not issued; (3) whether the irreparable harm he will suffer if the preliminary injunction is not granted outweighs the irreparable harm the defendant will suffer if the injunction is granted; (4) whether he has a reasonable likelihood of prevailing on the merits; and (5) whether the injunction will not harm the public interest. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). The moving party's threshold burden is to establish the first and second factors and to show "*some* likelihood of success on the merits." *Ping v. Nat. Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989) (emphasis in original); *see also Roth v. Lutheran Gen. Hosp.*, 57 F.3d 1446, 1453 (7th Cir. 1995). Once the initial burden is met, the inquiry then becomes a sliding scale analysis of the harm to the parties and the public from the grant or denial of the injunction and the actual likelihood of success on the merits. *Ping*, 870 F.2d at 1371.

"The purpose of a preliminary injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). "The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor in order to get the injunction; the less likely he is to win, the more it need weigh in his favor." *Ping*, 870 F.2d at 1371-72 (citation omitted).

The defendants assert that "Mr. Moore has had the only known treatment for hepatitis C and he has been determined to be a non-responder by the UW Hepetology Clinic. There are no other viable alternative modes of treatment for Mr. Moore's Hepatitis C." (Opp. of the Defs. to Pl.'s Mot. to Compel Medical Treatment at 1.) On nineteen occasions, the plaintiff received at least fifteen different blood tests to monitor his chronic hepatitis C and other medical problems. (Affidavit of Nancy L. Bowens ¶ 19.) Furthermore, Mr. Moore is not eligible for a liver transplant because his liver is functioning. (Bowens Aff. ¶ 34.)

The plaintiff has not established a basis for injunctive relief in this case. He has not presented any argument or evidence to show that he lacks an adequate remedy at law. Moreover, there is no indication that he will suffer irreparable harm if injunctive relief is not granted. Accordingly, the plaintiff's motion for a preliminary injunction will be denied.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for discovery (Docket #37) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for discovery (Docket

7

#38) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for discovery (Docket #39) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file amended complaint (Docket #43) is **granted**.

**IT IS FURTHER ORDERED** that the proposed amended complaint (Docket #45) is the operative complaint in this action.

**IT IS FURTHER ORDERED** that the defendants' motion for extension of time (Docket #47) is **denied as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Docket #50) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for reconsideration (Docket #52) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order for discovery (Docket #55) is **denied**.

**IT IS FURTHER ORDERED** that the defendants' motion for extension of time (Docket #58) is **denied as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel medical treatment, construed as a motion for a preliminary injunction (Docket #64) is **denied**.

**IT IS FURTHER ORDERED** that the defendants' motion for extension of time

8

(Docket #65) is **denied as moot**.

  **IT IS FURTHER ORDERED** that the plaintiff's motion for order to deny defendants' motion to enlarge time (Docket #68) is **denied as moot**.

  **IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Docket #70) is **denied**.

  **IT IS FURTHER ORDERED** that the plaintiff's motion for discovery (Docket #73) is **denied**.

## SCHEDULING ORDER

  To expedite a resolution of this case, the Court sets forth the following scheduling order.

  **NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. **Discovery.** All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **July 22, 2005.**

   The parties are advised that, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, defendants may depose the plaintiff and any other witness confined in a prison upon condition that, at least 14 days before such a deposition, defendants serve all parties with the notice required by the rule.

2. **Dispositive Motions.** Motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure) and motions for summary judgment (Rule 56 of the Federal Rules of Civil Procedure), together with briefs, are to be filed no later than **August 22, 2005**, and in accordance with Civil Local Rule 7.1. Copies of Rule 56 and Local Rule 7.1 (E.D. Wis.) are included with this order.

   If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

9

law." Fed. R. Civ. P. 56(c).

The plaintiff is advised that if a defendant files a motion for summary judgment supported by one or more affidavits or other materials, the plaintiff may not rely upon the allegations of the complaint but must introduce affidavits or other evidence to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

3.  **Compliance with Court Rules and Orders.** The plaintiff is further advised that failure to make a timely submission or otherwise comply with the court orders will result in the dismissal of this action for failure to prosecute.

4.  **Service.** Under Fed. R. Civ. P. 5(a), a copy of every paper or document filed with the court must be sent to opposing parties.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2005.

**SO ORDERED,**

s/ Rudolph T. Randa

_____
**HON. RUDOLPH T. RANDA**
**Chief Judge**