# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BYRON C. MOORE,

        **Plaintiff,**

      -vs-                                      Case No.    04-C-655

DR. ELSA HORN, DAYLEY,
DR. LARSON, DR. KAPLAN,
NANCY BOWENS, DR. SWEET,
ALLEN, JUDY SMITH, and
MATTHEW FRANK,

        **Defendants.**

# DECISION AND ORDER

        Plaintiff Byron C. Moore, who is incarcerated at the Oshkosh Correctional Institution (OCI), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis* on an Eighth Amendment deliberate indifference to a serious medical need claim. Moore has filed a motion for appointment of expert witnesses and a request for injunctive relief, both of which will be addressed herein.

### Plaintiff's Motion for Court Appointed Expert Witnesses

        Moore filed his motion for court appointed expert witnesses on May 20, 2005. He requests that the court appoint three expert witnesses, a liver toxicologist, a gastroenterologist and a hepatologist, "so that he or she could factually explain the effects of the medications and

damage to his liver[.]" (Pl.'s Mot. at 1.) Moore also expects that the expert witnesses "could explain the ripple affects [sic]; the adverse affects [sic] reaction/severity of Hepatitis C if treatment is not provided and/or provided in a timely manner[.]" *Id.* According to the Moore, he is a poor person with a limited degree of education and with no expertise in the medical field and he therefore requests that the court provide these expert witnesses to him for help in proving his Eighth Amendment medical care claim.

Rules 706 and 614 of the Federal Rules of Evidence give district courts discretion to appoint an impartial expert witness in a civil case to assist the court in evaluating complex scientific evidence. *See McKinney v. Anderson*, 924 F.2d 1500 (9th Cir. 1991) (district court might appoint impartial expert to help court evaluate scientific evidence on health effects of exposure to secondary cigarette smoke). In that instance, the court has the discretion to apportion the costs of the expert to one side. *Ledford v. Sullivan*, 105 F.3d 354, 361 (7th Cir. 1997).

The appointment of an expert is not essential to establish deliberate indifference. *Id.* at 359. In *Ledford*, 105 F.3d at 359-60, the court held that an inmate was not entitled to appointment of an expert on his deliberate indifference to a serious medical need claim. The court reasoned:

> Because the test for deliberate indifference is more closely akin to criminal law than to tort law, the question of whether the prison officials displayed deliberate indifference toward Ledford's serious medical needs did not demand that the jury consider probing, complex questions concerning medical diagnosis and judgment. The test for deliberate indifference is not as involved as that for medical malpractice, an objective inquiry that delves into reasonable standard of medical care.

2

*Id.* at 359.

In this case, Moore is asking the court to obtain expert testimony to assist him in presenting his claim, rather than to assist the court to evaluate conflicting evidence. Moore has not established that the testimony of expert witnesses is necessary to the prosecution of his claim. However, even if he had, the funds to pay for his expert are not available under 28 U.S.C. § 1915 and are not compelled under Fed. R. Evid. 614 or 706(b). Therefore, Moore's motion for court appointed expert witnesses will be denied.

## **Plaintiff's Request for Injunctive Relief**

Moore seeks extensive injunctive relief. He requests that OCI be compelled to provide treatment for his liver damage; that further treatment be provided to "contain" his Hepatitis C disease so it does not get any worse; that Nancy Bowen and Dr. Kaplan be removed as his medical care providers and that they be replaced with more advanced medical care providers who have expertise in dealing with Hepatitis C and liver damage; that Matthew Frank and Judy Smith be compelled to allow a hepatology expert physician and an expert toxicologist treat and oversee all conditions related to the plaintiff's Hepatitis C disease, render all decisions related to the plaintiff's liver and his Hepatitis C disease, and be compelled to conduct and/or have the plaintiff's liver functions be monitored regularly and in a timely manner; and that Frank and Smith be compelled to prepare ways in which the plaintiff can obtain his own treatment if they are unable or not capable to provide treatment that would treat his serious medical condition and/or contain it.

3

In deciding whether to grant a motion for a preliminary injunction, the court should consider (1) whether the moving party has an adequate remedy at law; (2) whether he will suffer irreparable harm if the preliminary injunction is not issued; (3) whether the irreparable harm he will suffer if the preliminary injunction is not granted outweighs the irreparable harm the defendant will suffer if the injunction is granted; (4) whether he has a reasonable likelihood of prevailing on the merits; and (5) whether the injunction will not harm the public interest. *Ty, Inc. v. Jones Group*, Inc., 237 F.3d 891, 895 (7th Cir. 2001). The moving party's threshold burden is to establish the first and second factors and to show "some likelihood of success on the merits." *Ping v. Nat. Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989); *see also Roth v. Lutheran Gen. Hosp.*, 57 F.3d 1446, 1453 (7th Cir. 1995). Once the initial burden is met, the inquiry then becomes a sliding scale analysis of the harm to the parties and the public from the grant or denial of the injunction and the actual likelihood of success on the merits. *Ping*, 870 F.2d at 1371.

"The purpose of a preliminary injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). "The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor in order to get the injunction; the less likely he is to win, the more it need weigh in his favor." *Ping*, 870 F.2d at 1371-72 (citation omitted).

The defendants contend that Moore's disagreement with the type of medical treatment he is receiving is not grounds for a preliminary injunction. Furthermore, the defendants assert that the "fact that plaintiff was and is dissatisfied with his medical care does not create a

4

civil rights violation. That the care he received was not as quick or as efficient as he would have desired does not, without more, raise his claims to the level of a constitutional violation." (Defs.' June 23, 2005, Letter in Resp. to P.'s Mot. for Prel. Inj. at 1.)

Disagreement with medical professionals about treatment needs does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. 97 (1976). *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Moore previously filed a motion in this case seeking medical treatment for his liver damage and for his chronic hepatitis C disease. On April 22, 2005, the court denied Moore's motion after considering the defendants' evidence that he had been receiving medical treatment as follows:

> The defendants assert that 'Mr. Moore has had the only known treatment for hepatitis C and he has been determined to be a non-responder by the UW Hepetology Clinic. There are no other viable alternative modes of treatment for Mr. Moore's Hepatitis C.' (Opp. of the Defs. to Pl.'s Mot. to Compel Medical Treatment at 1.) On nineteen occasions, the plaintiff received at least fifteen different blood tests to monitor his chronic hepatitis C and other medical problems. (Affidavit of Nancy L. Bowens ¶ 19.) Furthermore, Mr. Moore is not eligible for a liver transplant because his liver is functioning. (Bowens Aff.l ¶ 34.)

(Order of Apr. 22, 2005, at 7.)

The allegations contained in the complaint state a claim under the Eighth Amendment. However, at this time, the record concerning Moore's requests for injunctive relief reveals that Moore disagrees with the medical care that he has been receiving. As noted above, such disagreement does not entitle Moore to injunctive relief. Accordingly, his request for injunctive relief will be denied.

5

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for expert witnesses (Docket #82) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's request for injunction (Docket #85) is **denied**.

Dated at Milwaukee, Wisconsin, this 5th day of July, 2005.

                    **SO ORDERED,**

                    s/ Rudolph T. Randa
                    **HON. RUDOLPH T. RANDA**
                    **Chief Judge**