# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
_____

BYRON C. MOORE,

       **Plaintiff,**

      -vs-                                  Case No.    04-C-655

DR. ELSA HORN, DR. DAYLEY,
DR. LARSON, KAPLAN,
NANCY BOWENS, SWEET,
ALLEN, JUDY SMITH, and
MATTHEW FRANK,

       **Defendants.**
_____

# ORDER
_____

Plaintiff Byron C. Moore, who is incarcerated at the Oshkosh Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He was granted leave to proceed *in forma pauperis* on claims that the defendants violated his rights under the Eighth Amendment to the United States Constitution.

On August 22, 2005, the defendants filed a motion for summary judgment. A district court cannot properly rule upon a motion for summary judgment without providing the opposing party a "reasonable opportunity" to contradict the material facts asserted by the movant. *Lewis v. Faulkner*, 689 F.2d 100, 101 (7th Cir. 1982). This means that a *pro se* prisoner, who is a plaintiff in a civil case, is entitled to receive notice of the consequences of failing to respond

to a motion for summary judgment or to a motion to dismiss supported by affidavits. *Id.*

The Local Rules provide in relevant part:

**Civil L.R. 56.1 Summary Judgment Motions in Pro Se Litigation**

(a)   If a party is proceeding pro se in civil litigation, and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:

(1)   The motion must include a short and plain statement that any factual assertion in the movant's affidavits or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion.

(2)   In addition to the foregoing statement, the text to Fed. R. Civ. P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, and Civil L.R. 7.1 must be part of the motion.

Civil L.R. 56.1 (E.D. Wis.).

In this case, the defendants' motion contains the text to Fed. R. Civ. P. 56. However, the defendants' motion for summary judgment does not contain the required notice statement or the text to Civil L.R. 56.1, 56.2, and 7.1. Based on the defendants' failure to comply with the Local Rules, their motion for summary judgment will be denied. The defendants are advised that they may renew their motion for summary judgment, without refiling, by providing the plaintiff with the notice required in the Local Rules.

2

## ORDER

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (Docket #91) is **denied**. The defendants may renew their motion for summary judgement, without refiling it, by providing the plaintiff with the notice required in the Local Rules.

**IT IS FURTHER ORDERED** that if the defendants properly renew their motion for summary judgment, the plaintiff must file a response within 30 days of service of the motion. Civil L.R. 56.2(b). Failure to respond may result in dismissal of the case pursuant to Fed. R. Civ. P. 41(b).

Dated at Milwaukee, Wisconsin, this 31st day of January, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA
Chief Judge**